I dissent only from the determination of plaintiff's average weekly wage by the majority herein.
At the time of his injury, plaintiff was a full time employee at Asheville City Fire Department and he also did some part time work, for which he was paid, with Jupiter Volunteer Fire Department. Plaintiff's injury occurred while participating in a training exercise involving Jupiter Volunteer Fire Department, French Broad Fire Department and several other fire departments. It was understood that plaintiff's participation in the training was voluntary. Plaintiff was not being paid for his participation in the training by Asheville Fire Department or Jupiter Volunteer Fire Department. The training benefitted both Asheville Fire Department and Jupiter Volunteer Fire Department as it helped fulfill plaintiff's recertification requirements for both employments.
Jupiter Volunteer Fire Department filed a Form 60 admitting the compensability of plaintiff's injury on May 29, 2007. The initial Form 60 listed plaintiff average weekly wage as $754.00 per week with a corresponding compensation rate of $502.69. A second Form 60 dated July 18, 2007 changed the average weekly wage to $293.23, and the weekly compensation rate to $195.50. Asheville Fire Department has not been added as a party to this claim. *Page 18 
Since the training exercises in which plaintiff was participating at the time of injury benefitted both Asheville and Jupiter Fire Departments, plaintiff's injury by accident arose out of and in the course of both employments. N.C. Gen. Stat. § 97-2(2).
The Workers' Compensation Act provides:
 "Average weekly wages" shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury, . . . divided by 52; but if the injured employee lost more than seven consecutive calendar days at one or more times during such period, although not in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. Where the employment prior to the injury extended over a period of fewer than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, results fair and just to both parties will be thereby obtained. Where, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the 52 weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.
 But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury. N.C. Gen. Stat. § 97-2(5).
Since at the time of his injury plaintiff was engaging in duties that benefitted both employers, it is unfair to plaintiff to base his average weekly wage on his wages from Jupiter only for the sole reason that Jupiter admitted liability for the claim. Plaintiff's average weekly wage calculation should be based on his wages from both employments. See Derebery v. Pitt CountyFire Marshall, 318 N.C. 192, 347 S.E.2d 814 (1986).
For the above reasons, I dissent in part from the majority's determination of plaintiff's average weekly wage. I concur with all other aspects of the Opinion and Award.
This the ___ of October 2011.
 S/________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1